IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK KNOX, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:22-cv-75-WKW-JTA |
| v. | ) |
| JOHNNY HARDWICK, | ) |
| Judge, Ala., 15th Circuit Court, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Complaint (Doc. No. 1) filed by *pro se* Plaintiff Mark Knox, who is proceeding *in forma pauperis*. (Doc. No. 5.) For the reasons stated below, the undersigned recommends that Knox's claims against Montgomery County, Alabama, Circuit Court Judge Johnny Hardwick ("Judge Hardwick") be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### I. STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

Section 1915(e)(2)(B)(i) and (iii) requires the court to dismiss the case when the court determines that the action is "frivolous or malicious" or "seeks monetary relief against a defendant who is immune to such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). "[S]ection 1915, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 422CV00139CDLMSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018).  A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   JURISDICTION

This court has subject matter jurisdiction over Plaintiff's claims based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff appears to allege claims pursuant to 42 U.S.C. § 1983.

## III.   DISCUSSION

On February 11, 2022, Knox filed a Complaint against Judge Hardwick. (Doc. No. 1.) The Complaint alleges that Judge Hardwick would not allow Knox to speak during a February 11, 2020, court proceeding in the matter of *Mark Knox v. Jackson Hospital and Clinic, et al.*, filed in the Circuit Court of Montgomery County, Alabama, Fifteenth Judicial Circuit, bearing case number CV-18-00582. (*Id.* at 2.) The Complaint further alleges that Judge Hardwick ordered an unnamed bailiff to "arrest" and "attack" Knox resulting in physical injuries to Knox. (*Id.* at 2-3.) Knox is seeking ten million dollars in compensatory damages as well as unspecified punitive damages. (*Id.* at 3.)

A.   Knox's Claims Against Judge Hardwick are Due to be Dismissed Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

This court lacks subject matter jurisdiction over Knox's claims seeking relief from official court action taken in his previous state court proceeding. "The federal courts are not a forum for appealing state court decisions." *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988); *see also Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) ("Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings.").

Without commenting on the merits or lack thereof of any of Knox's claims, the path for challenging rulings or official court actions is an appeal to an appropriate court. Thus, the appropriate course for Knox's challenge to Judge Hardwick's rulings in prior litigation or Judge Hardwick's censorship of Knox is to seek further relief by timely and properly pursuing an appeal of those rulings to the appropriate court. Under the *Rooker-Feldman*[1] doctrine "federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). Thus, *Rooker-Feldman* bars actions like this one, where a party complaining of injury from a prior unfavorable state-court judgment brings a subsequent action inviting the federal district court to review and reject that previous judgment. *Id.* at 1212 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Knox's Complaint indicates he "managed to get his appeal docketed" but was prejudiced from completing his appeal due to an illness resulting from his alleged injuries. (Doc. No. 1.) This action is not a substitute for his apparently unsuccessful appeal. Because it is clear that Knox cannot cure this pleading defect, his claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as the claims are based on an indisputably meritless legal theory. *See Dailey*, 2022 WL 17730877, at *1.

---

[1] The *Rooker-Feldman* doctrine derives its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).

B.  Knox's Claims Against Judge Hardwick are Due to be Dismissed Under 28 U.S.C. § 1915(e)(2)(B)(iii)

Any claims against Judge Hardwick must fail because Judge Hardwick is entitled to absolute immunity. The law is well established that a judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U.S. 219, 227–29 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Knox's allegations against Judge Hardwick clearly implicate actions taken in his judicial capacity for which he is entitled to absolute immunity. Accordingly, Knox's claims against Judge Hardwick are "based on an indisputably meritless legal theory," and therefore are due to be dismissed with prejudice under the provision of 28 U.S.C. § 1915(e)(2)(B)(iii). *See Neitzke*, 490 U.S. at 327.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Knox's claims against Judge Hardwick be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and that this case be dismissed.

It is further ORDERED that on or before **June 20, 2023**, Knox may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Knox objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Knox is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo

determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of June, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE