IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-75-WKW |
| | ) | [WO] |
| JUDGE JOHNNY HARDWICK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc. # 6) to which Plaintiff has filed an Objection (Doc. # 7). Mr. Knox asserts that the Magistrate Judge erred because Judge Hardwick's alleged actions—repeatedly ordering the bailiff to "arrest" Mr. Knox and the bailiff, in turn, repeatedly assaulting Mr. Knox—were not taken in his "judicial capacity," and, so, Judge Hardwick was not entitled to absolute judicial immunity for these actions. (Doc. # 7 at 7–11.)[1] For the following reasons, Mr. Knox's Objection will be overruled.

Mr. Knox misunderstands the test for determining whether a judge is entitled to absolute judicial immunity. To determine "whether an act by a judge is a 'judicial' one," courts look "to the nature of the act itself, *i.e.*, whether it is a function normally

---

[1] All citations use the pagination as designated by the CM/ECF filing system.

performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Under Alabama law, "[e]very court" has the "power . . . [t]o preserve and enforce order in its immediate presence . . . as is necessary to prevent interruption, disturbance[,] or hindrance to its proceedings" and "[t]o control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it[.]" Ala. Code § 12-1-7(1),(4). The court finds that ordering a bailiff to maintain order in the courtroom (*i.e.*, by restraining a disorderly individual) is an act "normally performed by a judge." *Stump*, 435 U.S. at 362; *cf. Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("A judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge."). And the court finds that Mr. Knox "dealt with [Judge Hardwick] in his judicial capacity." *Stump*, 435 U.S. at 362. So, Judge Hardwick was acting within his jurisdiction and authority when he ordered the bailiff to "arrest" Mr. Knox.

But what of Mr. Knox's allegation that the bailiff repeatedly assaulted him in response to Judge Hardwick's repeated orders to "arrest" him? (Doc. # 1 at 2; *see also* Doc. # 7 at 7–11.)[2] "A judge will not be deprived of immunity because the

---

[2] Elsewhere in his complaint, Mr. Knox alleges that Judge Hardwick ordered the bailiff to "attack" Mr. Knox. (Doc. # 1 at 3.) On its own, this could be a legally problematic allegation. But, in context, this allegation is not divorced from Judge Hardwick's alleged jurisdictionally authorized "arrest" orders. Indeed, in his Objection, Mr. Knox asserts that Judge Hardwick "sa[id] the word arrest while actually ordering the bailiff to batter Mr. Knox over and over again." (Doc. # 7 at 9.) But even if this allegation stood alone, Mr. Knox's claims against Judge Hardwick which

2

action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). And in *Mireles* the Supreme Court said the following:

> If Judge Mireles authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction.

502 U.S. at 13. These principles apply here. If, in relation to his orders to "arrest" Mr. Knox, Judge Hardwick "authorized" or allowed the bailiff to use excessive force against Mr. Knox, he acted beyond his judicial authority. *Id.*; *Stump*, 435 U.S. at 356. But he did not act without jurisdiction, so he would be entitled to absolute judicial immunity. *Stump*, 435 U.S. at 356–57.

For these reasons and based upon a *de novo* review of the record, 28 U.S.C. § 636(b), it is ORDERED as follows:

(1)   Plaintiff's Objection (Doc. # 7) is OVERRULED.

(2)   The Recommendation (Doc. # 6) is ADOPTED.

(3)   This action is DISMISSED with prejudice.

---

are tied to this allegation would still be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) because they "lack[] an arguable basis . . . in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A determination of frivolity is best left to the district court, and [the Eleventh Circuit] will review such determinations only for abuse of discretion.").

Final judgment will be entered separately.

DONE this 29th day of June, 2023.

                                          /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE